IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JAMES RAY RUSSELL, <br> TDCJ #1479010, <br><br> Petitioner, <br><br> v. <br><br> RICK THALER, Director, <br> Texas Department of Criminal Justice - <br> Correctional Institutions Division, <br><br> Respondent. | §§§§§§§§§§§§§ | CIVIL ACTION NO. H-09-3635 |

## MEMORANDUM AND ORDER

The petitioner, James Ray Russell (TDCJ #1479010, former TDCJ #1021742, #988086, #654166, #568602), is a state inmate incarcerated in the Texas Department of Criminal Justice – Correctional Institutions Division (collectively, "TDCJ"). Russell has filed a federal petition for a writ of habeas corpus under 28 U.S.C. § 2254 to challenge a state court conviction. The respondent has answered with a motion to dismiss [Doc. # 7], arguing that the petition is barred by the governing one-year statute of limitations found in 28 U.S.C. § 2244(d). Russell has filed a reply [Doc. # 16] and he requests an evidentiary hearing, among other things. After considering all of the pleadings, the state court records, and the applicable law, the Court grants the respondent's motion and dismisses this case for reasons that follow.

**I.     BACKGROUND**

Russell is currently in TDCJ custody at the Wynne Unit, in Huntsville, as the result of a conviction entered against him in the 284th District Court of Montgomery County, Texas, for felony driving while intoxicated ("DWI") in cause number 07-03-03214-CR. The State of Texas enhanced the indictment in that case with allegations that Russell had at least seven prior DWI convictions. Russell pleaded guilty to the charged offense, without an agreed recommendation as to punishment, and stipulated that two of the enhancements were "true." On December 6, 2007, the trial court found that all seven of the enhancement convictions were true and sentenced Russell to thirty years' imprisonment. Russell did not pursue an appeal.

On December 30, 2008, Russell filed a state habeas corpus application to challenge his conviction and sentence. The state habeas corpus court, which also presided over Russell's guilty plea and sentencing proceeding, entered findings of fact and concluded that relief should be denied. The Texas Court of Criminal Appeals agreed and denied relief without a written order on June 17, 2009.

In a federal petition that was executed on October 9, 2009, Russell now seeks a writ of habeas corpus under 28 U.S.C. § 2254, to challenge his state court conviction for felony DWI in cause number 07-03-03214-CR. Russell complains that his conviction is unconstitutional and that he is entitled to relief for the following reasons:

1. The State used prior DWI convictions to enhance his sentence in violation of the Ex Post Facto Clause.

2. He was denied effective assistance of counsel prior to and during trial.

    3.     He was denied effective assistance of counsel on appeal.

    4.     He is actually innocent of the conviction and sentence as a habitual offender.

    5.     The state's attorney engaged in misconduct during his state habeas proceeding.

    6.     The trial court abused its discretion during his state habeas proceeding.

    7.     The trial court violated his rights under the Confrontation Clause by not holding an evidentiary hearing to address his defense attorney's affidavit.

[Doc. # 1]. Russell has included a lengthy memorandum in support of his petition. The respondent maintains that the petition must be dismissed as untimely under the governing one-year statute of limitations found in 28 U.S.C. § 2244(d). Russell has filed a reply. The parties' contentions are discussed further below.

## II.   THE ONE-YEAR STATUTE OF LIMITATIONS

According to the Antiterrorism and Effective Death Penalty Act of 1996 (the "AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214 (1996), all federal habeas corpus petitions filed after April 24, 1996, are subject to a one-year limitations period found in 28 U.S.C. § 2244(d). Because the pending petition was filed well after April 24, 1996, the one-year limitations period clearly applies. *See Flanagan v. Johnson*, 154 F.3d 196, 198 (5th Cir. 1998) (citing *Lindh v. Murphy*, 521 U.S. 320 (1997)). In this case, the statute of limitations for federal habeas corpus review began to run pursuant to 28 U.S.C. § 2244(d)(1)(A), at "the

date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review."

As outlined above, Russell was convicted and sentenced to thirty years' imprisonment pursuant to a state court judgment that was entered against him on December 6, 2007. Russell did not file a motion for new trial or a direct appeal from that judgment. The respondent notes, therefore, that the time to pursue direct review expired, and his conviction became final for purposes of federal habeas corpus review, thirty days later on Monday, January 7, 2008. *See* TEX. R. APP. P. 26.2(a)(1) (providing that, where there has been no motion for new trial, a criminal defendant must file a notice of appeal "within 30 days after the day sentence is imposed or suspended in open court, or after the day the trial court enters an appealable order").

Russell argues that his conviction did not become final thirty days after the judgment that was entered on December 6, 2007, because several months later, on April 18, 2008, the trial court entered a judgment *nunc pro tunc*. The record confirms that the trial court entered the judgment *nunc pro tunc* on its own motion.[1] *See Ex parte Russell*, No. 72,126-01 at 160-61. Russell argues, therefore, that his conviction did not become final until May 18, 2008,

---

[1] The judgment *nunc pro tunc* was not requested by the parties and it did not make any substantive change to the conviction or sentence outlined in the original judgment. *See Ex parte Russell*, No. 72,126-01 at 158-59 & 160-61. Russell has filed a motion for an evidentiary hearing and a motion to expand the record to ensure that the judgment *nunc pro tunc* is included in the record. Because the judgment *nunc pro tunc* is in the record, it is unnecessary to hold an evidentiary hearing on this issue or to expand the record.

thirty days after the April 18, 2008 judgment *nunc pro tunc*. For reasons explained briefly below, Russell's argument is misplaced.

In Texas, trial courts use a judgment *nunc pro tunc* to correct clerical errors made in a judgment. *State v. Bates*, 889 S.W.2d 306, 309 (Tex. Crim. App. 1994). A judgment *nunc pro tunc*, which literally means "now for then," can be entered at any time and does not alter the date of the original judgment. It is well established that "[t]he force and effect of a judgment *nunc pro tunc* relates back to the date the original judgment was pronounced." *Martinez v. State*, 194 S.W.3d 699, 703 n. 6 (Tex. App. — Houston [14th Dist.] 2006, no pet.) (citing *Jones v. State*, 795 S.W.2d 199, 200 n. 1 (Tex. Crim. App. 1990)). Stated another way, "[a] *nunc pro tunc* judgment, although signed later, relates back to the date of the original judgment and is effective as of the earlier date." *Daniels v. Comm'n for Lawyer Discipline*, 142 S.W.3d 565, 573 (Tex. App. — Texarkana 2006, no pet.). Because the judgment *nunc pro tunc* entered on April 18, 2008 made no substantive change to the conviction or sentence, the date of the original judgment entered on December 6, 2007 controls.

Based on this record, the Court concludes that Russell's conviction became final for purposes of federal habeas corpus review thirty days after the original judgment entered on December 6, 2007, when Russell's time to pursue a direct appeal expired on January 7, 2008. *See Roberts v. Cockrell*, 319 F.3d 690, 694 (5th Cir. 2003) (noting that, under the AEDPA, a conviction becomes final at the conclusion of direct review or when the time for such review has expired, regardless of the state law's definition of finality). That date triggered

the limitations period found in § 2244(d)(1)(A), which expired one-year later on January 7, 2009. Russell's pending petition, which is dated October 9, 2009, is late by at least ten months and is therefore time-barred unless an exception applies.

Under 28 U.S.C. § 2244(d)(2), the time during which a "properly filed" application for state habeas corpus or other collateral review is pending shall not be counted toward the limitations period. *See Artuz v. Bennett*, 531 U.S. 4 (2000). The record reflects that, on December 30, 2008, Russell filed a state habeas corpus application to challenge his conviction. The Texas Court of Criminal Appeals denied relief, without a written order, on June 17, 2009. *See Ex parte Russell*, No. 72,126-01. This application tolls the limitations period for only 169 days. With tolling, Russell's state habeas application extends the deadline for federal habeas corpus review only through June 25, 2009.

Russell has filed objections to the respondent's motion to dismiss, but he has offered no valid excuse for his failure to file a timely petition before the limitations period expired. The arguments and the exhibits presented by Russell do not reflect that he pursued relief with the requisite diligence. *See Lawrence v. Florida*, 549 U.S. 327, 336 (2007) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). In that respect, it is apparent that Russell waited more than a year after the judgment was entered against him on December 6, 2007, to file a state habeas corpus application on December 30, 2008. It is well established in this circuit that equitable tolling is not available where, as here, the petitioner squanders his federal limitations period. *See, e.g., Ott v. Johnson*, 192 F.3d 510, 514 (5th Cir. 1999).

Although Russell proceeds *pro se* on federal habeas review, his incarceration and ignorance of the law do not otherwise excuse his failure to file a timely petition and are not grounds for equitable tolling. *See Fisher v. Johnson*, 174 F.3d 710, 714 (5th Cir. 1999); *see also Cousin v. Lensing*, 310 F.3d 843, 849 (5th Cir. 2003) (noting that a petitioner's ignorance or mistake is insufficient to warrant equitable tolling); *Barrow v. New Orleans S.S. Ass'n*, 932 F.2d 473, 478 (5th Cir.1991) (finding that "lack of knowledge of the filing deadlines," "lack of representation," "unfamiliarity with the legal process," illiteracy, and "ignorance of legal rights" generally do not justify tolling). Russell presents no other basis for statutory or equitable tolling and the record fails to disclose any.[2] Accordingly, the petition must be dismissed as barred by the governing one-year limitations period.

## III.    CERTIFICATE OF APPEALABILITY

Because the habeas corpus petition filed in this case is governed by the AEDPA, codified at 28 U.S.C. § 2253, a certificate of appealability is required before an appeal may

---

[2]  The Court notes, in the alternative, that most of Russell's claims were considered and rejected by the state habeas corpus court, which also presided over Russell's guilty plea and sentencing. *See Russell*, No. 72,126-01. The record shows that the state habeas corpus court entered detailed findings of fact after considering an answer from the State and an affidavit from Russell's defense attorney. *See id*. at 72,126-01 at 80-85, 112-37, 138-42. Russell does not demonstrate that the state court's decision to deny relief was objectively unreasonable under 28 U.S.C. § 2254(d). To the extent that Russell complains about defects in his state habeas corpus proceeding, it is not clear whether these claims were considered previously by the Texas courts. In any event, these claims are not cognizable on federal review. In other words, "infirmities in state habeas corpus proceedings do not constitute grounds for relief in federal court." *Trevino v. Johnson*, 168 F.3d 173, 180 (5th Cir. 1999); *see also Morris v. Cain*, 186 F.3d 581, 585 n.6 (5th Cir. 1999); *Hallmark v. Johnson*, 118 F.3d 1073, 1080 (5th Cir. 1997); *Nichols v. Scott*, 69 F.3d 1255, 1275 (5th Cir. 1995 (citations omitted).

proceed.  *See Hallmark v. Johnson*, 118 F.3d 1073, 1076 (5th Cir. 1997) (noting that actions filed under either 28 U.S.C. § 2254 or § 2255 require a certificate of appealability).  "This is a jurisdictional prerequisite because the COA statute mandates that '[u]nless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. . . .'" *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (citing 28 U.S.C. §2253(c)(1)).

A certificate of appealability will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), which requires a petitioner to demonstrate "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).  Under the controlling standard, this requires a petitioner to show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller-El*, 537 U.S. at 336.  Where denial of relief is based on procedural grounds, the petitioner must show not only that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," but also that they "would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

A district court may deny a certificate of appealability, *sua sponte*, without requiring further briefing or argument.  *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000).

The statute of limitations on federal habeas corpus review has been the law for over fourteen years, since April of 1996. This Court concludes that jurists of reason would not debate whether any procedural ruling in this case was correct or whether the petitioner states a valid claim. Therefore, a certificate of appealability will not issue.

## IV. CONCLUSION AND ORDER

Based on the foregoing, the Court **ORDERS** as follows:

1. The respondent's motion to dismiss (Docket No. 7) is **GRANTED**.

2. The petitioner's motions for an evidentiary hearing and to expand the record (Docket No. 16) are **DENIED**.

3. The federal habeas corpus petition is **DISMISSED** with prejudice as barred by the statute of limitations.

4. A certificate of appealability is **DENIED**.

The Clerk shall provide a copy of this order to the parties.

SIGNED at Houston, Texas, on 28th of May, 2010.

_____
Nancy F. Atlas
United States District Judge